Judge RYAN delivered the opinion of the Court.
A panel of officer and enlisted members sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of sodomy with a child under the age of twelve and four specifications of indecent acts with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925, 934 (2006). The adjudged and approved sentence consists of a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade of E-l.
The United States Army Court of Criminal Appeals (CCA) dismissed one specification of indecent acts with a child, but affirmed the other findings. United States v. Gaddis, No. ARMY 20080150, 2010 CCA LEXIS 39, at *2-*3, 2010 WL 3613889, at *1 (A.Ct.Crim.App. Mar. 31, 2010). After reassessing the sentence in light of the dismissal, the CCA affirmed the approved sentence. Id. at *3, 2010 WL 3613889, at *1.
We granted review of the following issues:
I. WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT THE OPPORTUNITY TO PRESENT EVIDENCE THAT HIS ACCUSER HAD A MOTIVE TO FABRICATE THE ALLEGATIONS AGAINST HIM TO HIDE THE ACCUSER’S SEXUAL ACTIVITY WITH OTHERS FROM THE ACCUSER’S MOTHER.
II. WHETHER THE BALANCING TEST, AS ARTICULATED IN MRE 412(c)(3) AND UNITED STATES v. BANKER, 60 M.J. 216 (C.A.A.F.2004), IS CONSTITUTIONAL.
We hold that the balancing test in Military Rule of Evidence (M.R.E.) 412(c)(3) is not facially unconstitutional. However, its current iteration — -which purports to balance the “alleged victim’s privacy” against the probative value of the evidence — is needlessly confusing and could lead a military judge to exclude constitutionally required evidence. The “alleged victim’s privacy” interests cannot preclude the admission of evidence “the exclusion of which would violate the constitutional rights of the accused.” See M.R.E. 412(b)(1)(C). We interpret M.R.E. 412 to preclude the exclusion of any constitutionally required evidence. We further conclude that the military judge did not err in limiting cross-examination of the alleged victim, and the rule was not unconstitutional as applied. *251 The decision of the Army Court of Criminal Appeals is affirmed.
I. Background
At trial, the Government presented testimony that Appellant committed sodomy and other indecent acts with his minor stepdaughter, TE, on multiple occasions. TE alleged that Appellant sexually assaulted her more than ten times, including several incidents in 2004-2005, when she was ten or eleven years old. Appellant and TE’s mother divorced in 2006. TE was fourteen years old at the time of Appellant’s court-martial, in February 2008.
In 2006, TE first reported the alleged sexual assaults to her friend, MG. Appellant and TE’s mother were separated at the time, and TE was living with MG’s family. TE made the allegations after learning that her mother expected her to get a medical examination. TE testified that the physical was required for her to try out for the cheerlead-ing team at her new school, but that she did not want the examination because it would show that she had been raped by Appellant.
The defense sought to present evidence and argument at trial that TE “believed that her mother was going to have her examined medically based on reports and e-mails implying that [TE] was sexually active.” TE allegedly expressed concern to MG that the physical would reveal if TE was sexually active, and that she thought her mother wanted her to be examined after seeing an email containing a rumor that TE was sexually active.
The Government argued that evidence of alleged sexual activity was inadmissible under the general rule of M.R.E. 412, which excludes evidence of a victim’s prior sexual conduct. Defense counsel countered that the evidence was admissible under the M.R.E. 412(b)(1)(C) exception for constitutionally required evidence, arguing that Appellant “has the right to present a defense, and part of that right is to cross-examine and confront witnesses if they have bias, prejudice, or motive to misrepresent.” The defense argued that “[t]he proffered evidence reveals [TE]’s motive to fabricate the allegations against [Appellant] to hide acts of consensual sexual activity from her mother.” Defense counsel maintained that this evidence — which “concerns an e-mail account and rumors of sexual activity” — was not offered “to prove the veracity of the e-mails or the rumors about [TE],” but rather to impeach TE’s credibility. The Government responded that “in order for the defense to really have a motive to fabricate here, they need to show that some sexual activity occurred,” making TE afraid to go to the doctor.
In ruling on the admissibility of this evidence, the military judge noted that the defense wants “to use the evidence solely for the impeachment purposes of the victim” and “conceded that they will not use the substantive evidence of the e-mails, therefore, references to whether or not there was a pregnancy or past sexual activity with a specific person.” The military judge continued:
I will allow the defense to use the evidence, for impeachment purposes only within the following parameters:
You will not refer, Defense Counsel, to the prior sexual activity of the victim or the fact that the e-mails contained rumors of prior sexual activity. That would also confuse the panel. You may, however, refer to the mother’s discovery of e-mails generically, and based upon those e-mails, the victim’s mother wanted to take the victim to a gynecologist and that the alleged victim then made the allegations against the accused shortly thereafter. But you may not refer to the contents of the e-mails substantively or describe them as e-mails relating to sexual activity. Of course, both parties may argue permissible inferences from this evidence.
On appeal, Appellant argues that this ruling deprived him “of his opportunity to present a meaningful defense illuminating [TE]’s motive to fabricate the allegations.” Further, Appellant asserts that M.R.E. 412(c)(3) is unconstitutional on its face and as applied because it permits a military judge to exclude evidence that is otherwise constitutionally required.
II. M.R.E. 412
Under M.R.E. 412, a rule of exclusion, “[ejvidence offered to prove that any alleged *252 victim engaged in other sexual behavior” is “not admissible in any proceeding involving an alleged sexual offense except as provided in subdivisions (b) and (c).” M.R.E. 412(a). Subdivision (b) provides three exceptions to this general rule of exclusion. M.R.E. 412(b). The third of these exceptions — the “constitutionally required exception,” which is the only exception implicated here — permits the admission of “evidence the exclusion of which would violate the constitutional rights of the accused.” M.R.E. 412(b)(1)(C). Subdivision (c) provides the procedure to determine the admissibility of evidence offered under the three exceptions contained in subdivision (b). M.R.E. 412(c). This procedure includes the “M.R.E. 412 balancing test,” which requires that:
If the military judge determines ... that the evidence that the accused seeks to offer is relevant for a purpose under subsection (b) and that the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim’s privacy, such evidence shall be admissible under this rule to the extent an order made by the military judge specifies evidence that may be offered and areas with respect to which the alleged victim may be examined or cross-examined. Such evidence is still subject to challenge under Mil. R. Evid. 403.
M.R.E. 412(c)(3).
III. Constitutionally Required Evidence
“[T]he right to present relevant testimony is not without limitation. The right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.” Rock v. Arkansas, 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (citation and quotation marks omitted); see also Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); Chambers v. Mississippi, 410 U.S. 284, 302-03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); Washington v. Texas, 388 U.S. 14, 23, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Thus, whether evidence is constitutionally required — so as to meet the M.R.E. 412(b)(1)(C) exception to M.R.E. 412’s general prohibition of sexual behavior or predisposition evidence — demands the ordinary contextual inquiry and balancing of countervailing interests, e.g., probative value and the right to expose a witness’s motivation in testifying versus the danger of “harassment, prejudice, confusion of the issues, the witness’ safety, or [evidence] that is repetitive or only marginally relevant.” Van Arsdall, 475 U.S. at 679, 106 S.Ct. 1431. This balance is bounded on the one hand by the broad discretion of trial judges and rulemak-ers’ “broad latitude under the Constitution to establish rules excluding evidence from criminal trials,” United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), and on the other by the Constitution’s guarantee of “a meaningful opportunity to present a complete defense.” Holmes v. South Carolina, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)) (quotation marks omitted).
M.R.E. 412 is intended to “shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to [sexual offense prosecutions].” Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-35 (2008 ed.) [hereinafter Drafters’ Analysis]. There is no question that without the privacy language in the balancing test, M.R.E. 412 is a reasonable restriction on the admissibility of evidence that may be minimally relevant, but also carries a high risk of harassment, confusing the issues, and discouraging reports of sexual assault. See, e.g., id. (stating that the rule replaced by M.R.E. 412 had often yielded “evidence of at best minimal probative value with great potential for distraction and incidentally dis-eourage[d] both the reporting and prosecution of many sexual assaults”); see also United States v. Banker, 60 M.J. 216, 219 (C.A.A.F.2004) (noting that M.R.E. 412 was intended to encourage victim cooperation in courts-martial and to prevent embarrassment, invasion of privacy, and the infusion of sexual innuendo into the factfinding process); cf. also United States v. Culver, 598 F.3d *253 740, 749-50 (11th Cir.2010) (concluding that the exclusion of the victim’s prior sexual history under Fed.R.Evid. 412 was a reasonable limitation when the evidence “would have confused the jury and harassed [the victim]” and was “marginally relevant at best”); United States v. Papakee, 573 F.3d 569, 573 (8th Cir.2009) (“[Fed.R.Evid.] 412 serves important purposes of preventing harassment or embarrassment of sexual abuse victims, and the proffered evidence was of little or no probative value”).
Those purposes are proportionately served by the general rule of exclusion in M.R.E. 412(a), as well as the requirement in an earlier iteration of the rule that evidence must be excluded unless “the probative value of such evidence outweighs the danger of unfair prejudice,” M.R.E. 412(c)(3) (2005 ed.). But M.R.E. 412(b)(1) was also intended to preserve the “fundamental right of the defense under the Fifth Amendment ... to present relevant defense evidence by admitting evidence that is ‘constitutionally required to be admitted.’ ” Drafters’ Analysis app. 22 at A22-35; see also Banker, 60 M.J. at 219 (noting that M.R.E. 412 was also intended to “preserv[e] the constitutional rights of the accused to present a defense”); United States v. Dorsey, 16 M.J. 1, 5 (C.M.A.1983) (noting that the legislative history of M.R.E. 412 “makes clear the drafters’ intention that this rule should not be applied in derogation of a criminal accused’s constitutional rights”).
Appellant argues that the M.R.E. 412 balancing test is facially unconstitutional because it presumes the exclusion of evidence that is constitutionally required under the Sixth Amendment right of confrontation and the Fifth Amendment right to a fair trial. Under Appellant’s reading of the rule, a military judge may first conclude that evidence is constitutionally required under the Fifth or Sixth Amendments, but then nonetheless apply the M.R.E. 412(c)(3) balancing test to exclude the evidence if its probative value does not outweigh the danger of unfair prejudice to the alleged victim’s privacy. We decline to adopt such an interpretation. Although Congress has authorized the President to prescribe the rules of evidence for courts-martial, Article 36, UCMJ, 10 U.S.C. § 836 (2006), M.R.E. 412 cannot limit the introduction of evidence that is required to be admitted by the Constitution. See, e.g., Dickerson v. United States, 530 U.S. 428, 437, 444, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (“Congress may not legislatively supersede our decisions interpreting and applying the Constitution.”); Fed.R.Evid. 412 advisory committee’s note (“The United States Supreme Court has recognized that in various circumstances a defendant may have a right to introduce evidence otherwise precluded by an evidence rule under the Confrontation Clause.” (citing Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988))).
IV. The M.R.E. 412(c)(3) “Balancing Test”
The M.R.E. 412(c)(3) “balancing test” as currently drafted in response to this Court’s decision in Banker is anything but simple to understand or apply, but it is not facially unconstitutional. There is no question that even considering the privacy interest of the victim will yield a constitutionally valid result (1) when applied to evidence that is both constitutionally required and whose probative value outweighs the danger of unfair prejudice, as well as (2) when applied to evidence that is not constitutionally required and whose probative value does not outweigh the danger of unfair prejudice. The test would only be unconstitutional in circumstances under which a military judge excluded evidence, the exclusion of which would violate the constitutional rights of the accused, because its probative value did not outweigh the danger of unfair prejudice to the alleged victim’s privacy. In those circumstances, the test would be unconstitutional as applied.
Furthermore, rape-shield statutes like M.R.E. 412 do not violate an accused’s right to present a defense unless they are “arbitrary” or “disproportionate to the purposes they are designed to serve.” See Scheffer, 523 U.S. at 308, 118 S.Ct. 1261 (citation and quotation marks omitted). M.R.E. 412 is a “rape-shield” law intended *254 “to shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to prosecutions of such offenses.” Drafters’ Analysis app. 22 at A22-35. The M.R.E. 412 balancing test is neither arbitrary nor disproportionate to this purpose. Therefore, the test is not facially unconstitutional.
Nonetheless, because of the confusing structure of M.R.E. 412, the test has the potential to lead military judges to exclude constitutionally required evidence merely because its probative value does not outweigh the danger of prejudice to the alleged victim’s privacy, which would violate the Constitution. See Dickerson, 530 U.S. at 437, 444, 120 S.Ct. 2326. And the test is a problem of our own devise, since it was enacted in response to this Court’s decision in Banker.[1]
Rather than applying the principles developed in other contexts by the Supreme Court and this Court to the question whether evidence was constitutionally required under the old M.R.E. 412, we held in Banker that “prejudice to the victim’s legitimate privacy interests” was part of the constitutional analysis. 60 M.J. at 223 (“[W]hen balancing the probative value of the evidence against the danger of unfair prejudice under M.R.E. 412, the military judge must consider not only the M.R.E. 403 factors such as confusion of the issues, misleading the members, undue delay, waste of time, [and] needless presentation of cumulative evidence, but also prejudice to the victim’s legitimate privacy interests.” (citing Sanchez, 44 M.J. at 178)).[2] This, in turn, was based on our erroneous assumption that “unfair prejudice” in the context of former M.R.E. 412(c)(3) meant something different than “unfair prejudice” as the term is generally used under the rules of evidence. This was unfounded error; as we explained in United States v. Collier, 67 M.J. 347, 354 (C.A.A.F.2009):
the term “unfair prejudice” in the context of M.R.E. 403 “speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.” Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (analyzing the purpose behind Fed.R.Evid. 403, which is identical *255 to M.R.E. 403) (emphasis added); see also Fed.R.Evid. 403 advisory committee’s note (“ ‘Unfair prejudice’ within [Fed.R.Evid. 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.”). M.R.E. 403 addresses prejudice to the integrity of the trial process, not prejudice to a particular party or witness.
Although Banker does not say so, its unsupported assumption that unfair prejudice meant something different in the context of former M.R.E. 412(c)(3) appears based on that portion of the federal analogue, Fed. R.Evid. 412, that applies to civil cases. See Fed.R.Evid. 412(b)(2) (“In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.”).[3]
Of course, the constitutional interests of a civil defendant and a criminal defendant are distinct. See, e.g., Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 384, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (noting that “the right to production of relevant evidence in civil proceedings does not have the same ‘constitutional dimensions’” as it does in the criminal context (quoting United States v. Nixon, 418 U.S. 683, 711, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974))); BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 574 n. 22, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) (observing that “[t]he strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases”). The federal rules implicitly recognize this distinction by importing the victim’s privacy interest into the admissibility determination test only in civil cases. See Fed.R.Evid. 412(b)(1) — (2). Nonetheless, in response to Banker, M.R.E. 412 was amended to import the civil balancing test, which considers the privacy interests of the victim as part of the admissibility determination, into military criminal cases.[4]
Yet the rule nowhere provides that if the privacy interest is high, M.R.E. 412 turns into a rule of absolute privilege: in fact, the Drafters’ Analysis states precisely the opposite. Drafters’ Analysis app. 22 at A22-35 (“[I]t is the Committee’s intent that the Rule not be interpreted as a rule of absolute privilege.”). Therefore, the best reading of the rule is that, as in its prior iteration, the probative value of the evidence must be balanced against and outweigh the ordinary countervailing interests reviewed in making a determination as to whether evidence is constitutionally required. See Van Arsdall, 475 U.S. at 679, 106 S.Ct. 1431. We must also ask whether Appellant’s constitutional right to cross-examination has been violated. Cf., e.g., Michigan v. Lucas, 500 U.S. 145, 152-53, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991) (noting that a court must address on the facts of the case whether the exclusion of evidence under a rape-shield statute violated the defendant’s Sixth Amendment rights); United States v. Buenaventura, 45 M.J. 72, 79 (C.A.A.F.1996) (observing that “[w]hether evidence is constitutionally required to be admitted is reviewed on a case-by-case basis,” and holding that past sexual behavior evidence was constitutionally required when it was probative of the defense *256 theory of mistaken identity) (quotation marks omitted).
M.R.E. 412 cannot limit the introduction of evidence required by the Constitution — although the text of the rule seems to permit such a limitation. And the explanation in Banker — suggesting that balancing constitutionally required evidence against the privacy interest of the victim before admitting it is necessary to further the purpose of the rule, see Banker, 60 M.J. at 222-23—is simply wrong. The purposes of M.R.E. 412 are served by the rule itself, which prohibits all evidence of an alleged victim’s sexual behavior or predisposition unless, for example, it is constitutionally required. M.R.E. 412(a)-(b). If after application of M.R.E. 403 factors the military judge determines that the probative value of the proffered evidence outweighs the danger of unfair prejudice, it is admissible no matter how embarrassing it might be to the alleged victim.
Likewise, if a military judge determines that the evidence is not constitutionally required, the military judge must exclude the evidence under M.R.E. 412 — regardless of how minimal the alleged victim’s privacy interest might be — because it does not fall under an exception to the general rule of exclusion. At best the balancing test under M.R.E. 412(c)(3), as currently written, is a nullity with respect to the constitutionally required exception set out in M.R.E. 412(b)(1)(C); at worst it has the potential to cause military judges to unconstitutionally exclude evidence that is constitutionally required or admit evidence that is not. To a certainty, though, it has done nothing but add additional layers of confusion and uncertainty to the application of M.R.E. 412.
V. The Application of M.R.E. 412 in This Case
The defense proffered the contested evidence under the M.R.E. 412(b)(1)(C) exception for constitutionally required evidence, arguing that Appellant “has the right to present a defense, and part of that right is to cross-examine and confront witnesses if they have bias, prejudice, or motive to misrepresent.” Therefore, we must ask whether the exclusion of the evidence violated Appellant’s constitutional right to cross-examination, in light of applicable precedents.
An accused has a Sixth Amendment right to confront the witnesses against him. U.S. Const, amend. VI. “It is well settled that ‘the exposure of a witnesses] motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.’” Collier, 67 M.J. at 352 (quoting Davis v. Alaska, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). A limitation on an accused’s presentation of evidence related to issues such as bias or motive to fabricate may violate an accused’s right to confront witnesses. See Davis, 415 U.S. at 316-17, 94 S.Ct. 1105. However, “trial judges retain wide latitude ... to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness’ safety, or interrogation that is repetitive or only marginally relevant.” Van Arsdall, 475 U.S. at 679, 106 S.Ct. 1431; see also Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam); United States v. James, 61 M.J. 132, 136 (C.A.A.F.2005).
We must thus ask whether the exclusion of evidence deprived Appellant of a fair trial or an opportunity for cross-examination. The question, then, is whether “[a] reasonable jury might have received a significantly different impression of [the witnessj’s credibility had [defense counsel] been permitted to pursue his proposed line of cross-examination.” Van Arsdall, 475 U.S. at 680, 106 S.Ct. 1431.
Here, the military judge simply imposed “reasonable limits” on the cross-examination, see id. at 679, 106 S.Ct. 1431, and left open an “opportunity for effective cross-examination.” Fensterer, 474 U.S. at 20, 106 S.Ct. 292 (emphasis in original). In fact, the military judge did allow the defense to ask TE about the connection between the e-mails and the physical. The defense was thus able to present its theory of TE’s motive to lie to the members, as well as to argue *257 that case to the members.[5] And “once the defendant has been allowed to expose a witness’s motivation in testifying, it is of peripheral concern to the Sixth Amendment how much opportunity defense counsel gets to hammer that point home to the jury.” James, 61 M.J. at 136 (citation and quotation marks omitted). Moreover, a reasonable panel would not have received “a significantly different impression” of TE’s credibility had Appellant been permitted to cross-examine her regarding the substance of the emails, which only contained unsubstantiated rumors of sexual activity. See Van Arsdall, 475 U.S. at 680, 106 S.Ct. 1431. Therefore, the contested evidence was not constitutionally required, does not qualify for the M.R.E. 412(b)(1)(C) exception, and was properly excluded under M.R.E. 412.
VI. Conclusion
For the foregoing reasons, the decision of the United States Army Court of Criminal Appeals is affirmed.

. The 2007 amendment to M.R.E. 412 "clarifies ... that in conducting the balancing test, the inquiry is whether the probative value of the evidence outweighs the danger of unfair prejudice to the victim’s privacy." Drafters' Analysis app. 22 at A22-36 (emphasis added). This change "highlight[ed] current practice.” Id. (citing Banker, 60 M.J. at 223; United States v. Sanchez, 44 M.J. 174, 178 (C.A.A.F.1996)). However, this problematic change was entirely unnecessary. Military judges retain wide latitude to determine the admissibility of evidence— a determination that includes weighing the evidence's probative value against "certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.” Holmes, 547 U.S. at 326, 126 S.Ct. 1727. Applied to the prior version of M.R.E. 412, this latitude encompassed the requirement that the proponent of the evidence demonstrate that the probative value of the evidence outweigh the factors militating against its admission. M.R.E. 412(c)(3) (2005 ed.) (“If the military judge determines ... that the evidence that the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible ...."). That test was eminently workable and suffered from no risk of violating either the Constitution or M.R.E. 412 itself.

. The current version of M.R.E. 412 (including the addition of the “alleged victim’s privacy” language, following Banker) was released on September 28, 2007, and became effective on October 1, 2007. Exec. Order No. 13,447, 72 Fed. Reg. 56, 179 (Sept. 28, 2007). Appellant was arraigned on September 24, 2007. The Government's motion in limine to exclude the contested evidence was dated October 19, 2007, and the military judge ruled on the contested evidence on February 12, 2008. By executive order, a trial in which the arraignment occurred prior to the new rule's effective date "may" proceed as if the amendments had not been prescribed. Exec. Order No. 13,447, 72 Fed.Reg. 56, 179 (Sept. 28, 2007). The military judge did not make explicit whether she applied the old text or the new text of the rule. Therefore, the military judge may or may not have applied the current text of M.R.E. 412. However, Banker was decided on August 23, 2004, and Banker held that when conducting the M.R.E. 412 balancing test, the military judge must consider prejudice to the victim’s legitimate privacy interests. Banker, 60 M.J. at 223. We thus presume that the military judge considered the victim’s privacy interests pursuant to the law of Banker, which was in effect at the time of the court-martial. See United States v. Raya, 45 M.J. 251, 253 (C.A.A.F.1996).

. Prior to the 1994 amendments to the federal rule, Fed.R.Evid. 412 — which was at the time nearly identical to the military rule — contained a balancing test that was applicable to criminal prosecutions. The military rule retained that language. Under the current federal rule, none of the three exceptions for criminal cases — including the exception for constitutionally required evidence — is subject to a balancing test. Fed.R.Evid. 412(b)(1). Rather, only in civil cases is such evidence subject to a balancing test. Fed. R.Evid. 412(b)(2).

. Compare M.R.E. 412(c)(3) (2008 ed.) (balancing whether "the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim's privacy”) (emphasis added), with M.R.E. 412(c)(3) (2005 ed.) (providing that if "the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible ... ”), and Fed. R.Evid. 412(b)(2) (requiring admission in civil cases only when the evidence’s "probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party”). See also Drafters’ Analysis app. 22 at A22-36 (noting that the change was made to “highlight current practice” (citing Banker, 60 M.J. at 223; Sanchez, 44 M.J. at 178)).

. In closing, defense counsel argued that TE’s mother was "not very happy with her because she saw something on some e-mail account that led her to ask [TE] if she had had sex and [TE] said no.” TE "was scared, not of a cheerleading exam as she tried to say.... She was scared because of her mom and something that was read. That’s what happened.” Defense counsel concluded, "A little white lie maybe to get out of trouble with mom suddenly blew up in her face, and she has not been able to keep the facts straight since then.” Therefore, the defense established TE’s motive to fabricate, and in fact placed this issue squarely before the members.