# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist RYAHN P. SHAW**
**United States Army, Appellee**

ARMY 20100158

Headquarters, 21st Theater Sustainment Command
Wendy Daknis, Military Judge
Colonel Claes H. Lewenhaupt, Staff Judge Advocate (pretrial)
Lieutenant Colonel J. Harper Cook, Acting Staff Judge Advocate (recommendation
& addendum)

For Appellant: Captain James P. Curtin, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Meghan M. Poirier, JA (on brief); Major Richard E. Gorini.

For Appellee: Captain Stephen E. Latino, JA (argued); Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

18 May 2012

------------------------------------
OPINION OF THE COURT
------------------------------------

KRAUSS, Judge:

A general court-martial, composed of officer and enlisted members, convicted appellant of attempted forcible sodomy, false official statement, abusive sexual contact, rape, and aggravated sexual contact in violation of Articles 80, 107, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 907, 920 (2006 & Supp. III 2009) [hereinafter UCMJ]. Appellant was acquitted of attempted aggravated sexual contact alleged in violation of Article 80, UCMJ.[1] The convening authority approved the adjudged sentence of a dishonorable discharge, six months

---

[1] The military judge dismissed specifications alleging indecent exposure and indecent language, under Articles 120 and 134, respectively, prior to the entry of pleas.

confinement, total forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's case is now before this court for review under Article 66, UCMJ. His crimes involved two victims; we here concern ourselves with one. He raises three assignments of error, one of which merits discussion, none of which warrant relief.

## BACKGROUND

Here we are presented with a case where the defense provided notice under Military Rule of Evidence [hereinafter Mil. R. Evid.] 412 of one thing, attempted to ask the victim about something else under 412 at trial, and now complains about yet a third matter under 412 on appeal.

Having enjoyed a brief relationship with one of the victims in this case, appellant later imposed himself on this fellow military policeman on two different occasions, resulting in convictions for rape, attempted sodomy, and aggravated sexual contact. On both occasions appellant persisted with sexual advance and demand, despite the victim's demurral, and perpetrated the acts for which he stands convicted.

During the few weeks of their previous consensual sexual relationship, appellant apparently made a habit of persistent sexual demand, despite the victim's lack of interest, when the victim would ultimately relent. Indeed, several months before the incidents leading to appellant's court-martial, the victim put an end to any such further intimate relations with appellant because of this unpleasant dynamic.

Appellant now complains the judge erred by excluding evidence, under Mil. R. Evid. 412, that the victim previously consented to sex with appellant despite initially telling him to stop. In essence, he complains he was denied a fair trial because the military judge refused him opportunity to effectively cross-examine the victim about whether she was in the habit of initially resisting the sexual advances of appellant and then relenting and consenting to sex. Appellant therefore contends the military judge prevented him from undermining the government's case and properly presenting his defenses of consent and mistake of fact as to consent.

The defense neither posed the questions necessary nor articulated the desire to elicit that particular testimony from the victim at the Article 32, UCMJ, investigation, either of two Mil. R. Evid. 412 hearings on the subject, or when given the opportunity to do so at trial. In fact, the defense did not include this particular sort of expected information in the Mil. R. Evid. 412 notice provided before trial.[2]

---

[2] The defense did attach to that notice a sworn statement of the victim in which she stated: "I had to end [my past relationship with appellant] because he wouldn't stop

That notice merely expressed the intent to offer evidence of the fact of sexual intercourse and oral sex, the number of times they engaged in sexual intercourse and the fact that it involved multiple sexual positions.

During the first Mil. R. Evid. 412 hearing, the military judge actually asked the victim a question akin to what appellant now complains about: whether she ever told appellant no and then acquiesced to sex with him later. The victim responded, "No." The defense did not follow up with any questions on this matter when given the opportunity to do so. At that hearing, the judge essentially ruled that the fact of their sexual relationship was admissible but the details of their sexual relations were not.

During their cross-examination of the victim, testifying as part of the government's case-in-chief, the defense asked: "Now, sometimes when you would have sex with Private Shaw, you weren't always—I mean, you really liked him, but you weren't always in the mood?" To which the victim responded: "Yes." The defense continued: "But, you would still have sex with him anyways?" To which the government objected, the victim responded "Yes," and the judge sustained the objection and instructed the panel: "[Y]ou will not consider that question as to any details of a prior sexual relationship."[3]

In light of above, an Article 39(a), UCMJ, hearing, in the absence of members, ensued. The military judge rebuked the defense for the impropriety of raising Mil. R. Evid. 412 matters contrary to her previous ruling and the government objected to same and added objection to the lack of proper and timely notice to raise such matters at trial.[4] Though the rules permitted exclusion of such evidence on

---

(. . . continued)
when I told him to," and, "Whenever he wanted to have sex, because we were a couple, he would think and even if I didn't want to, it would happen." However, no mention of these particular statements was made in either their actual Mil. R. Evid. 412 notice or the associated motion nor did the defense raise either of these statements during either the initial or subsequent Mil. R. Evid. 412 hearings in the case. Proper 412 notice requires the party intending to offer such evidence to specifically describe that evidence and state the purpose for which it is offered. Mil. R. Evid. 412(c)(1)(A). Simply attaching a statement which may contain evidence a party may want to offer does not suffice.

[3] For the sake of this decision we will consider the panel to have understood that instruction as an instruction to disregard the question and answer just rendered.

[4] Suggestion during argument before this court that the defense did not consider such evidence to fall under Mil. R. Evid. 412 is unpersuasive. The defense never articulated any such position at trial, though enjoying ample opportunity to do so, but, rather, responded to the court and government in a fashion that relied upon the

these grounds, the military judge prudently permitted the defense the opportunity to litigate the matter. Here again, the defense did not express any desire or intent to ask whether the victim would consent after saying stop, but rather expressed the intent to establish that she would have sex when she wasn't in the mood. The judge ultimately ruled against admission of the latter, reasoning that the probative value of the evidence was outweighed by the danger of unfair prejudice.

Not long thereafter, despite the government's objection, the judge conveyed the following question from a member of the panel to the victim: "[W]hy did your relationship with the accused end?" The victim responded: "It had ended because, um, about 3 weeks into our relationship, um, whenever he wanted to have sex and I didn't, I would tell him I wouldn't—I wasn't in the mood. But, um, he would just end up taking it anyways and I just didn't want that to go any further." The judge then queried counsel whether they had any questions based on those from the panel members. The defense replied that they did not.

## LAW AND DISCUSSION

While appellant fashions an argument that sounds in Mil. R. Evid. 412, the issue presented is resolved by the Confrontation Clause of the Sixth Amendment. The facts and circumstances relevant to the resolution of this matter were determined by the defense's choices at trial as well as the testimony ultimately elicited from the victim despite any intervening limitation on cross-examination imposed by the judge below. Whether the evidence at issue might fall under Mil. R. Evid. 412(b)(1)(B) or (C) is unimportant under the circumstances because in either case, appellant enjoyed a full and fair opportunity to cross-examine the witness on the matter and chose not to so examine. In addition, the victim ultimately answered the question actually posed by the defense at trial, and the defense refused opportunity to examine on the matter further.

The defense here complains that they were prevented from asking the victim whether she previously consented to sex with appellant despite initially telling him to stop. However, when given multiple opportunities, before trial, during Article 39(a) sessions on the matter, and during trial, to ask that question, they never did. Instead, for the first time during cross-examination of the victim at trial, the defense

---

(. . . continued)
notion that their Mil. R. Evid. 412 notice was sufficient. The defense also responded positively to the judge's invitation to make a motion for the admission of this evidence under Mil. R. Evid. 412 in a context portraying all involved presumed that Mil. R. Evid. 412 applied. Before this court, appellant does not dispute the applicability of Mil. R. Evid. 412 to this evidence.

4

asked a different question, essentially whether she would have sex with the accused despite the fact that she wasn't in the mood.[5]

Weakening appellant's position is the fact that the judge posed a question to the victim during the initial Mil. R. Evid. 412 hearing that was rather more similar to that argued by appellant here than the questions actually posed and attempted by the defense at trial. The response to that question was apparently not one the defense preferred and arguably one different than previously offered in a sworn statement. However, the defense did not seek to clarify, impeach, or embellish. Instead, the defense stood mute and when opportunity next arose asked the victim whether she would have sex when not in the mood rather than whether she told the victim to stop (or told him no) and then consented to sex anyway. This is not a minor distinction but, rather, the potential difference between ambiguity and clarity.

Further weakening appellant's position on appeal is the fact that during the second Mil. R. Evid. 412 hearing, the defense never articulated a desire or intent to pursue a line of questioning about which he now complains. Instead, again, the defense merely reiterated their desire to ask the victim about whether she had sex with appellant when she was not in the mood. Whether it was an abuse of discretion for the judge to prevent such questioning we need not answer because, despite the judge's limitation, the witness answered the question posed in response to a member's inquiry. Apparently, the defense was satisfied with the response because they again and for the last time chose not to exploit the opportunity to cross-examine the witness on the matter.

An essential element of any fair trial is the opportunity of the accused to effectively cross-examine the witnesses against him. U.S. CONST. amend. VI, cl. 2; UCMJ art. 36(a); *See Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986); *Delaware v. Fensterer*, 474 U.S. 15, 19–20 (1985); *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974); *United States v. Gaddis*, 70 M.J. 248, 256 (C.A.A.F. 2011); Mil. R. Evid. 611(a), (b). Where that opportunity is consciously refused or where the opportunity for appropriate cross-examination is not effectively limited by the judge at trial, appellant will not enjoy relief on appeal. *See Fensterer*, 474 U.S. at 19–20; *United States v. Rhodes*, 61 M.J. 445, 449 (C.A.A.F. 2005) (citing *United States v. Owens*, 484 U.S. 554 (1988)).

---

[5] We will not address the possible propriety of denying the defense opportunity to so examine because of untimely notice. Mil. R. Evid. 412(c)(1). Instead we applaud the judge's forbearance and prudent decision to permit further litigation of the matter, under the circumstances, where credibility of the victim and the matters of consent and mistake as to consent were critical to the defense of the case.

Here the defense enjoyed several opportunities to cross-examine the witness in the manner appellant describes.[6] They never did. What's more, the defense never articulated their desire or intent to cross-examine the witness in the fashion now asserted by appellant. Never did the defense state they wanted to ask the witness whether she told the appellant to stop but then would consent to sex with him. Never did the defense state that they wanted to impeach the witness with her previous statement that could be read to contradict her testimony at the initial Mil. Rule Evid. 412 hearing. Never did the defense follow-up with cross-examination at either the initial Mil. R. Evid. 412 hearing or in light of a member's question. The defense neither requested permission of the judge to follow-up with any further such questions or to impeach based on the victim's previous statement when offered the opportunity after the victim answered the defense's question in response to a member's question.

We are left to conclude that the defense chose not to cross-examine the witness in this fashion. Therefore, having enjoyed the opportunity for effective cross-examination, including opportunity to pose the questions appellant here states are at issue, relief is not warranted. *See Fensterer*, 474 U.S. at 20 (citing *Ohio v. Roberts*, 448 U.S. 56, 73 (1980)). "Having thus eschewed confrontation, appellant cannot now claim a denial of it." *United States v. McGrath*, 39 M.J. 158, 163 (C.M.A. 1993).

## CONCLUSION

On consideration of the entire record, we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[6] The record establishes the willingness of the victim to answer the questions posed to her. Nothing suggests a reluctance or refusal to testify in any sense.