**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman PAUL Y. STEPHAN**
**United States Air Force**

**ACM 38568**

**25 August 2015**

Sentence adjudged 11 December 2013 by GCM convened at Presidio of Monterey, California. Military Judge: Todd E. McDowell.

Approved Sentence: Bad-conduct discharge, confinement for 1 month, and reduction to E-3.

Appellate Counsel for the Appellant: Major Thomas A. Smith.

Appellate Counsel for the United States: Major Matthew J. Neil and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Judge:

The appellant was convicted by a panel of officer members, contrary to his pleas, of abusive sexual contact and assault consummated by a battery, in violation of Articles 120 and 128, UCMJ, 10 U.S.C. §§ 920, 928.[*] The court sentenced him to a bad-conduct discharge, confinement for 1 month, and reduction to the grade of E-3. The sentence was approved as adjudged.

---

[*] The appellant was acquitted of one specification of abusive sexual contact and one specification of sexual assault by causing bodily harm.

The appellant argues that the military judge erred by excluding certain evidence under Mil. R. Evid. 412. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Background*

The appellant, a cryptologic language analyst, had returned to the Defense Language Institute for training in an additional language specialty. While at an on-base community center, he met a group of first-time language training students and offered to let them share a theater room he had reserved. After the group watched a movie at the center, the appellant offered to continue the party in his hotel room. Several male soldiers and one female soldier, the victim, agreed.

Once at the appellant's room, the party took a different turn. Between drinks at the community center and drinks consumed at the hotel room, many of the attendees had consumed a significant amount of alcohol. Within a short time after arriving at the room, both the appellant and the victim were substantially intoxicated. Two of the soldiers suggested they watch a movie, one they knew included substantial nudity. For a period of time, several of the attendees engaged in a drinking game where the participants would all take a drink every time a movie scene depicted nudity. During this time, several of the males flirted with the victim, often through physical attention.

The appellant, who was on the bed along with the victim and some others, made overtures towards her. He touched her on the arm and was moving his hand towards her breast when she told him to stop. Later, he placed his hand on her leg and slid it up and touched her groin over her clothes before she told him to stop. Other attendees also touched the victim while they were on the bed, including one soldier who massaged her shoulders and back.

Throughout the night, the victim and one of the male soldiers became increasingly intimate. After the end of the movie, the two began kissing and touching each other. This foreplay escalated to consensual sexual intercourse on the bed in view of the other attendees. At one point during intercourse, the victim squeezed the hand of a third soldier who was on or near the bed.

At some point after having sex, the male soldier got up to go to the bathroom and the victim began to doze off. The appellant went to the foot of the bed, slid his hands up the victim's legs and, hooking his fingers over the waistline, attempted to remove the victim's pants. The victim's paramour returned from the bathroom and intervened, along with another soldier who had witnessed the victim's previous objections to the appellant's advances, causing the appellant to abandon the effort.

For this conduct, the appellant was convicted of abusive sexual contact for touching the victim's groin with his hand and of assault consummated by a battery for pulling on the victim's pants.

*Exclusion of Evidence of the Victim's Sexual Conduct*

The appellant argues that the military judge erred when he ruled that Mil. R. Evid. 412 prohibited the appellant from introducing evidence about the victim's sexual conduct at the hotel with her paramour and the soldier holding her hand. The appellant asserts that the evidence was constitutionally required to support a defense of mistake of fact as to consent because "it tends to show [the victim] was comfortable with multiple men touching her in an intimate manner simultaneously."

We review a military judge's ruling whether to exclude evidence under Mil. R. Evid. 412 for abuse of discretion. *United States v. Ellerbrock*, 70 M.J. 314, 317 (C.A.A.F. 2011). Findings of fact are subject to a clearly erroneous standard of review, while conclusions of law are reviewed de novo. *Id.*

Mil. R. Evid. 412, often referred to as a rape-shield law, protects complaining witnesses from "the often embarrassing and degrading cross-examination and evidence presentations common to [sexual offense prosecutions]." Drafter's Analysis, *Supplement to Manual for Courts-Martial, United States* (*MCM*), A22-41 (2012 ed.); *see also United States v. Gaddis*, 70 M.J. 248, 252 (C.A.A.F. 2011). Mil. R. Evid. 412 provides that evidence offered by the accused to prove the alleged victim engaged in other sexual behavior is generally inadmissible. The rule incorporates three exceptions, only one of which is relevant to this case.

Mil. R. Evid. 412(b)(1)(C) states that evidence otherwise covered by Mil. R. Evid. 412 is admissible if "the exclusion of [such evidence] would violate the constitutional rights of the accused." Evidence falls under the exception in Mil. R. Evid. 412(b)(1)(C) when the evidence is relevant, material, and the probative value of the evidence outweighs the dangers of unfair prejudice. *Ellerbrock*, 70 M.J. at 318. Relevant evidence is any evidence that has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Mil. R. Evid. 401(a).

The military judge found the defense had failed to meet its burden to demonstrate how the proffered evidence fit under the constitutionally required exception. He addressed the relevance of the proffered evidence in his written ruling, finding "[a]s a threshold matter, that [the victim] engaged in consensual sexual intercourse with someone other than the Accused and squeezed the hand of a third person at the same time does not rationally support a mistake of fact as to consent theory and is therefore irrelevant."

The fundamental question is whether the victim's sexual conduct with others, in the presence of the appellant, makes the existence of her consent to contact by the appellant, or a reasonable belief of such consent, more or less probable. We find it does not. Consent to sexual contact is based on the identity of the partner, not on the victim's willingness to engage in any specific type of contact with others. *See United States v. Booker*, 25 M.J. 114, 116 (C.M.A. 1987). Without question, Mil. R. Evid. 412 rejects the notion that a lack of chastity in general raises a reasonable inference of consent to any other act. Whether the victim was "comfortable" with contact with any other attendee, alone or simultaneously, is not rationally related to whether she consented to any contact with the appellant. We find the military judge did not abuse his discretion in excluding the evidence at issue.

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court