# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 BRYAM G. NIEVESVELE**
**United States Army, Appellant**

ARMY 20220166

Headquarters, Fort Bliss
Robert L. Shuck, Military Judge
Colonel Andrew D. Flor, Staff Judge Advocate

For Appellant: Philip D. Cave, Esquire (on brief).

For Appellee: Major Chase C. Cleveland, JA; Major Timothy R. Emmons, JA; Captain Anthony J. Scarpati, JA (on brief).

21 December 2023

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PENLAND, Senior Judge:

Where the military judge erred in denying appellant's right to present relevant and material evidence, we grant relief by setting aside the results. A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape, and one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. §920 [UCMJ]. He sentenced appellant to be dishonorably discharged from the service, confined for 14 years, and reduced to the grade of E1. The convening authority took no action on the findings or sentence.

We review the case under Article 66, and we have fully and fairly considered all matters either assigned as error or personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Among them, appellant asserts the military judge erred by excluding certain evidence under Military Rule of

Evidence [Mil. R. Evid.] 412. We agree, though we make a broader holding about the improperly restrictive conditions of the pretrial hearing. Considering the constitutional magnitude of the errors, we find the government has not disproven prejudice beyond a reasonable doubt.[1,2]

## BACKGROUND

Specialist (SPC) ▮ initially told law enforcement authorities that on the date in question in appellant's barracks room, appellant twice forcibly penetrated his anus with appellant's penis. The two penetrations were interrupted by SPC ▮ actions to avoid them.[3] Despite SPC ▮ initial report, the government's charging decision and theory of their case was that appellant forcibly penetrated the victim's anus with his penis *once*.[4]

In the closed hearing, the defense counsel attempted to question SPC ▮ about events preceding the charged offense and events that occurred during the

---

[1] Certain pleadings, and parts of the trial transcript (pages 86-98 and pages 240-268) were sealed under Mil. R. Evid. 412; to the extent our analysis requires, our decision describes and discusses them.

[2] Our decision renders extensive discussion of the remaining assigned errors unnecessary. However, we also find plain error in the prosecution's sentencing argument. The Special Victims Prosecutor (SVP) incorrectly characterized this case as having multiple victims (see Rule for Courts-Martial 1001(b)(4), "[t]rial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been *found guilty*" (emphasis added)). And, under these circumstances, the SVP improperly derogated appellant's right against self-incrimination by adversely commenting on the lack of an apology in his unsworn statement.

[3] We take these initial facts from the law enforcement investigation included in the record's ancillary documents. We recognize it is uncommon to consider such matters, particularly in light of *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020). However, it is essential to consider them to better understand what the parties perceived the expected evidence would show at trial; they also give context for the prosecution's notice objection.

[4] The government alternatively charged this alleged misconduct as forcible rape and sexual assault (lack of consent) under Article 120, UCMJ. After findings, the military judge conditionally dismissed the sexual assault specification. Though he did not explain his reason, he apparently regarded the specifications as an unreasonable multiplication of charges.

charged offense. Through a series of proffers by defense counsel and proffered testimony by SPC ███, it became clear that, contrary to the government's charging decision, there were allegedly two penetrations, both close in time. Before, during, and between the two penetrations, there were statements and actions by SPC ███ and questions by appellant that were material and relevant to the defenses of consent or mistake of fact as to consent.

The defense's only meaningful opportunity to present this evidence, absent appellant testifying, was through SPC ███ [5] Defense argued that the evidence was not protected by Mil. R. Evid. 412 because it did not pertain to other acts or sexual predisposition but was instead evidence that was res gestae to the charged offense. Aside from the res gestae argument, the defense correctly noted that much of the disputed evidence involved questions purportedly asked by appellant (rather than inadmissible behavior of a charged victim). To the extent, if any, the evidence could be considered subject to Mil. R. Evid. 412, appellant argues it was constitutionally required evidence of consent, or mistake of fact as to consent.

Government counsel opposed every defense attempt to question SPC ███ in the closed hearings both before and during trial. The government's argument was two-fold: (1) the defense failed to provide notice under Mil. R. Evid. 412 regarding the evidence they were attempting to elicit; and (2) SPC ███'s rights under Article 6, U.C.M.J. prevented appellant from asking SPC ███ any embarrassing or personal questions, even if they were res gestae to the offense, and even within the closed hearing.

Both in a pre-trial hearing and at trial, the military judge sided with the government and precluded appellant from asking certain questions that would

---

[5] Another witness testified in the pretrial hearing, offering his interpretation of certain dialogue between appellant and SPC ███ prior to his arrival at the locus of the charged offense, but we find such testimony to be only marginally relevant, if relevant at all. Yet another witness testified in another, unrelated pretrial hearing, and both the SVP and military judge appeared to rely on that witness's testimony to interpret the same dialogue between SPC ███ and appellant; absent agreement from both parties, we are unaware of any authority for a military judge to take evidence from one interlocutory matter and use it in deciding a separate interlocutory matter. This also highlighted the military judge's internally inconsistent approach to a substantial issue: He plainly stated that SPC ███'s pre-visit actions were irrelevant, even if the defense's interpretation of those actions was accurate. But in his written ruling, he apparently gave weight to an unrelated witness's understanding.

present a defense of consent, or mistake of fact as to consent. (see pages 86-98 and pages 240-268 of the sealed trial transcript).[6]

## LAW AND DISCUSSION

We recognize the important presumption that military judges know and apply the law. *United States v. Robins*, 52 M.J. 455, 457 (C.A.A.F. 2000*). See United States v. Raya*, 45 M.J. 251, 253 (C.A.A.F. 1996).

We are keenly aware that we review military judges' Mil. R. Evid. 412 admissibility decisions for an abuse of discretion. *United States v. Carpenter*, 77 M.J. 285 (C.A.A.F. 2018); *United States v. Erikson*, 76 M.J. 231 (C.A.A.F. 2017); *United States v. Gaddis*, 70 M.J. 248 (C.A.A.F. 2011). "'Trial judges retain wide latitude . . . to impose reasonable limits on . . . cross- examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Gaddis*, 70 M.J. at 256 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). Military Rule of Evidence 412 is an exclusionary rule, requiring a proponent to meet the burden to show that an exception prevails. *Gaddis*, 70 M.J. at 251–52; *United States v. Banker*, 60 M.J. 216, 223 (C.A.A.F. 2004); *United States v. Savala*, 70 M.J. 70, 72 (C.A.A.F. 2011).

In deciding whether a military judge has abused their discretion in establishing evidentiary limits, we do not ask ourselves whether we would have made the same decision if presiding over the trial; such an approach would deprive the trial judge of the deference required by the standard of review. Instead, we ask, among other things, whether their relevant factual findings are clearly erroneous, or whether their conclusions from the facts and applicable law are clearly unreasonable. *See Erikson*, 76 M.J. at 236 (quoting *United States v. Olson*, 74 M.J. 132, 134 (C.A.A.F. 2015)) ("'A military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect.'"); *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (quoting *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997)) (The challenged action must be "arbitrary, fanciful, clearly unreasonable," or "clearly erroneous.").

Military Rule of Evidence 401 states evidence is relevant if:

---

[6] As a threshold matter, the short-circuited pretrial hearing makes it difficult to know whether (and why) the military judge thought the prohibited evidence was evidence of sexual behavior. Based on this limited record, it is virtually impossible for us to tell. In its brief, appellee argues the defense did not meet its burden to prove the evidence's admissibility. This is only because they were denied the opportunity to do so.

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

"Mistake of fact as to consent is an affirmative defense that can be raised even in the absence of the defendant's testimony." *United States v. Paige*, 67 M.J. 442 (C.A.A.F. 2009). *See United States v. Sellers*, 33 M.J. 364, 368 (C.M.A. 1991).

Military Rule of Evidence 412 establishes principles and procedures for certain evidence in sex offense cases:

The victim's sexual behavior or predisposition

(a) *Evidence generally inadmissible.* The following evidence is not admissible in any proceeding involving an alleged sexual offense except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that a victim engaged in other sexual behavior; or

(2) Evidence offered to prove a victim's sexual predisposition.

(b) *Exceptions.* In a proceeding, the following evidence is admissible, if otherwise admissible under these rules:

(1) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the accused was the source of semen, injury, or other physical evidence;

(2) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the accused to prove consent or if offered by the prosecution; and

(3) evidence the exclusion of which would violate the accused's constitutional rights.

(c) *Procedure to determine admissibility.*

(1) A party intending to offer evidence under subdivision (b) must—

(A) file a written motion at least 5 days prior to entry of pleas specifically describing the evidence and stating the purpose

for which it is offered unless the military judge, for good cause shown, requires a different time for filing or permits filing during trial; and

(B) serve the motion on the opposing party and the military judge and notify the victim or, when appropriate, the victim's guardian or representative.

(2) Before admitting evidence under this rule, the military judge must conduct a hearing, which shall be closed. At this hearing, the parties may call witnesses, including the victim, and offer relevant evidence. The victim must be afforded a reasonable opportunity to attend and be heard. However, the hearing may not be unduly delayed for this purpose. The right to be heard under this rule includes the right to be heard through counsel, including Special Victims' Counsel under section 1044e of title 10, United States Code. In a case before a court-martial composed of a military judge and members, the military judge shall conduct the hearing outside the presence of the members pursuant to Article 39(a). The motion, related papers, and the record of the hearing must be sealed in accordance with R.C.M. 1113 and remain under seal unless the military judge, the Judge Advocate General, or an appellate court orders otherwise.

(3) If the military judge determines on the basis of the hearing described in paragraph (2) of this subdivision that the evidence that the accused seeks to offer is relevant for a purpose under subdivision (b)(1) or (2) of this rule and that the probative value of such evidence outweighs the danger of unfair prejudice to the victim's privacy, or that the evidence is described by subdivision (b)(3) of this rule, such evidence shall be admissible under this rule to the extent an order made by the military judge specifies evidence that may be offered and areas with respect to which the victim may be examined or cross-examined. Any evidence introduced under this rule is subject to challenge under Mil. R. Evid. 403.

Advocates may use direct or circumstantial evidence to prove a relevant and material fact, including a relevant state of mind. *United States v. Thompson*, 83 M.J. 1, 4 (C.A.A.F. 2022) ('No precedent of this Court has ever required proof by "direct" evidence nor restricted the proof to "direct" evidence. Either such holding would contradict [Rule for Courts-Martial] 918(c), which provides that "findings may be based on direct or circumstantial evidence"'). For example, if an accused's knowledge of certain information is relevant, then one may attempt to prove that knowledge by showing the information was communicated to the accused. We commonly see this method of proof in cases of alleged unauthorized absence where a

leader has purportedly informed a Soldier of their place of duty. In the same sense, regardless of whether appellant testified, the information he purportedly received from SPC ▇▇▇ could circumstantially prove his state of mind regarding consent.

Defense counsel's theory of the case was that the charged offense was consensual or, alternatively, that appellant was mistaken as to consent. By questioning SPC ▇▇▇ about his communications with appellant the day of the encounter and during the encounter, both what SPC ▇▇▇ said to appellant and vice versa, and by questioning SPC ▇▇▇ about appellant's actions during the alleged offense, defense counsel would attempt to cast doubt on SPC ▇▇▇ s claim that the charged offense was non-consensual. To the extent this evidence was covered under Mil. R. Evid. 412, at least two exceptions potentially, if any, applied. Regardless, the closed hearing contemplated by the rule is precisely the vehicle for determining if such evidence is admissible, while protecting the privacy interests of the victim.

We are left to wonder why the prosecution reacted so vehemently to the proposed defense questioning at the pretrial hearing. It is difficult to imagine more probative questions under the circumstances. Questions such as those proffered by the defense counsel in the closed hearing are precisely why we have closed hearings – to evaluate whether this information should be admitted at trial. Mil R. Evid. 412's closure provision is the recognition of and safeguard for privacy interests. *If* Article 6's commands regarding dignity and respect mean that a party may not ask questions or otherwise present evidence within the confines of a closed hearing to determine admissibility, then those commands deprive the hearing of at least one potentially relevant line of inquiry; and if that *were* their meaning, those same commands would violate the Fifth Amendment's due process clause and the Sixth Amendment's confrontation clause. That cannot be the case – any plain reading of Article 6 leaves Mil. R. Evid. 412 and constitutional protections undisturbed. This SVP either failed to understand the fundamental purpose of the Mil. R. Evid. 412 hearing, or tried to use the hearing as a sword.

We review the law de novo, but we also assess whether the military judge appeared to understand the correct legal standard. This record makes the latter difficult; beyond referring to Mil. R. Evid. 412, his oral and written rulings did not cite any case or legal provision. We recognize the important presumption that a military judge knows and follows the law, but that does not render them immune from error.

Turning to the disputed cross-examination, we first address the absurdity of the SVP's notice objection. We are unfamiliar with any requirement - under Mil. R. Evid. 412 or anything else - requiring the defense to previously notify the prosecution of its intent to ask a question so closely connected to the disputed facts. Any responsible prosecutor would interview a charged victim before trial (at least once, if not multiple times); basic pretrial preparation would have made these facts

known to the government (and, of course, subject to disclosure to the defense). We observe the SVP's notice objection did not specify whether the prosecution did not know about multiple penetrations or, instead, whether they did not know the defense was going to elicit information about them at trial. The military judge did not ask. Put simply, these were fair and reasonable res gestae questions; the notice complaint was a red herring, and as the SVC noted in the closed mid-trial hearing, would have applied equally to the government.

After what he had heard on direct examination, the military judge was obviously, and understandably, thrown off by SPC █████'s Mil. R. Evid. 412 hearing testimony about two penetrations. After hearing SPC █████'s considerably different testimony, the prosecution recharacterized the encounter and tried to limit the inquiry to the second penetration.[7] The initial understanding and charging decision were reasonable, but the mid-trial advocacy shift was not.

We find clearly unreasonable the military judge's conclusions that the excluded evidence was not relevant or material under Mil. R. Evid. 412(b)(2) and Mil. R. Evid. 412(b)(3). At the very least, the excluded evidence "ha[d] [the] tendency to make a fact[8] more or less probable than it would be without the evidence; and . . . the fact [was] of consequence in determining the action." Mil. R. Evid. 401. The defense also correctly noted that, to the extent the evidence described appellant's questions, it was beyond the reach of Mil. R. Evid. 412 as a threshold matter. The rule addresses certain behavior of an alleged victim, not an accused.

We hasten to add that we are not finding as a matter of fact that SPC █████ consented to the charged sexual activity, or that appellant was honestly and reasonably mistaken on that point. Instead, we find as a matter of legal relevance the proffered evidence made it more likely for the fact finder to conclude that SPC █████ consented, or that appellant honestly and reasonably believed so. As a result, the excluded evidence was relevant, and its probative value outweighed the countervailing considerations in Mil. R. Evid. 403 or Mil. R. Evid. 412(b)(3). *See United States v. Roberts*, 69 M.J. 23, 27 (C.A.A.F. 2010) (holding that there is a "low threshold for relevant evidence" under Mil. R. Evid. 412). The error was

---

[7] The SVP's subsequent advocacy illustrated the government's confusion about what happened: "[Appellant's question]...was after the *consensual whatever* took place?" (emphasis added)

[8] The disputed facts here were, at a minimum, whether SPC █████ consented, or whether appellant honestly and reasonably believed he did.

constitutional in proportion,[9] for it unreasonably curtailed both appellant's Fifth Amendment due process right to present a defense and his Sixth Amendment right to confront the victim regarding the circumstances surrounding the alleged misconduct.

Presented with a non-structural constitutional error, "the Government must prove...harmless[ness] beyond a reasonable doubt." *United States v. Cueto*, 82 M.J. 323, 334 (C.A.F. 2022) (quoting *United States v. Tovarchavez*, 78 M.J. 458, 460 (C.A.F. 2019). While the government notes *Van Arsdall*'s multi-part prejudice inquiry, we are not "confident that there was no reasonable possibility that the error might have contributed to the conviction." *Tovarchavez*, 78 M.J. at 460 (citing *Chapman v. California*, 386 U.S. 18, 24 (1967). Specialist ███'s testimony was pivotal to the government's case, especially where the government offered no evidence to corroborate his allegation that the sexual activity was forcible and non-consensual. And, the excluded evidence was not cumulative with other admitted evidence. Considering these factors, we conclude the fact finder might reasonably have viewed the excluded evidence as a reason to doubt the government's proof, whether pertaining to the victim's credibility, lack of consent, or appellant's state of mind.

The SVP's notably strident[10] views, even when they mischaracterized the law, appeared to persuade the military judge. We do not know whether the SVP's statements were intentional or simply ignorant; in either event we observe, based on our experience as practitioners, that certitude does not necessarily mean correctness.

The question of prejudice prompts us to close with a cautionary note to practitioners. We briefly return to the mid-trial Mil. R. Evid. 412 hearing, in which the Special Victims Counsel (SVC) took the prosecution's advocacy further, asserting, "[The defense is] able to still say that this did not happen at all." We recognize, amid zealously representing a client's interests, an advocate might inadvertently overstate a position. The SVC (apparently unwittingly) did so here, for he had no reason to know confidential defense information that might have constrained them to a particular set of trial tactics. Once the defense had committed

---

[9] Considering the error's constitutional dimension, we do not assess whether the excluded evidence would cause unfair prejudice to the victim's privacy. *See Gaddis*, 70 M.J. at 256 ("M.R.E. 412 cannot limit the introduction of evidence required by the Constitution"); Mil. R. Evid. 412(b) ("In a proceeding, the following evidence is admissible . . . (2) evidence of specific instances of a victim's sexual behavior with respect to the person accused of sexual misconduct, if offered by the accused to prove consent . . . and (3) evidence the exclusion of which would violate the accused's constitutional rights.")

[10] His tone and tenor from the audio transcript are noteworthy.

to affirmative theories of consent or mistake of fact,[11] it was practically – and perhaps for other confidential reasons of professional responsibility – precluded from asserting "this did not happen at all." Regardless, it is of no consequence that the denial of a fundamental right may still leave other theories available to the defense.

## CONCLUSION

The findings of guilty and the sentence are SET ASIDE. A rehearing may be ordered by the same or a different convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge HAYES and Judge MORRIS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[11] The defense did not simply pose these as rational *hypotheses* other than guilt.