*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Ricky D. CHISUM, Jr., Senior Airman
United States Air Force, Appellant

**No. 17-0199**
Crim. App. No. S32311

Argued December 5, 2017—Decided January 26, 2018

Military Judge: Marvin Tubbs

For Appellant: *Major Jarett Merk* (argued); *Colonel Jane E. Boomer.*

For Appellee: *Major Mary Ellen Payne* (argued); *Colonel Katherine E. Oler* (on brief); *Lieutenant Colonel Joseph Kubler* and *Gerald R. Bruce,* Esq.

Amicus Curiae for Appellee: *Peter Coote*, Esq. (on brief) – for Protect Our Defenders.

Chief Judge STUCKY delivered the opinion of the Court, in which Judges RYAN, OHLSON, and SPARKS, and Senior Judge EFFRON, joined.

———————

Chief Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether the military judge's failure to conduct an in camera review and to require disclosure of the mental health records of the two primary witnesses against Appellant deprived him of his right to confront those witnesses in violation of the Sixth Amendment to the Constitution. U.S. Const. amend. VI. As the military judge's failure did not prejudice Appellant's substantial rights, we need not reach the granted issue. We affirm the judgment of the United States Air Force Court of Criminal Appeals (CCA).

## I. Procedural History

Appellant was charged with five offenses: (1) wrongful use of ecstasy; (2) wrongful use of marijuana on divers occa-

sions; (3) wrongful use of cocaine on divers occasions; (4) wrongful use of hydrocodone on divers occasions; and (5) wrongful distribution of hydrocodone on divers occasions. Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2012). A special court-martial composed of officer members convicted Appellant, contrary to his pleas, by exceptions and substitutions, of the wrongful use of cocaine on only one occasion, as witnessed by both Airman Basic (AB) AK and AB CR.

Appellant was sentenced to a bad-conduct discharge, confinement for three months, forfeiture of part of his pay each month for three months, and reduction to the lowest enlisted grade. The convening authority reduced the period of confinement to forty-nine days but otherwise approved the adjudged sentence.

On appeal, the CCA held that the military judge abused his discretion by not conducting an in camera review of the mental health records of two witnesses. *United States v. Chisum*, No. ACM S32311, slip op. at 5, 6 (A.F. Ct. Crim. App. Aug. 16, 2016) (order). As the military judge had not ordered the mental health records attached to the record of trial, the CCA ordered the Government to produce the records so it could determine whether the error prejudiced Appellant. *Id.* at 6. The Government submitted a motion to reconsider and reconsider en banc and asked the court to stay the order until the motion was decided. The court stayed the order but eventually denied the motion for reconsideration and reconsideration en banc. The Government then provided the ordered records. *United States v. Chisum*, 75 M.J. 943, 946 n.3 (A.F. Ct. Crim. App. 2016). Based on its own review of the mental health records, the CCA held that the military judge's failure to conduct an in camera review "did not materially prejudice a substantial right of Appellant," and affirmed. *Id.* at 945, 952.

## II. Background

Appellant went to New Orleans, Louisiana, with two other airmen, intending to buy and use ecstasy. *Id.* at 945. AB AK testified that he and Appellant were unable to find ecstasy so they purchased a baggie of cocaine and used it in an alley by snorting it through a dollar bill rolled up as a

straw. *Id.* When they finished the cocaine, they returned to the dealer, purchased more cocaine, and used it. *Id.* AB CR testified that, while on a trip to New Orleans with Appellant and AB AK, he saw Appellant holding a bag of white powder, walk "into an alley and, from across the street, saw Appellant raise his hands up to his nose." *Id.* at 945–46.

Before trial, Appellant submitted a discovery request demanding access to the mental health records of any potential witnesses. The prosecution notified the defense that mental health records existed on both AB AK and AB CR but refused to provide them. After the prosecution released its witness list, Appellant moved to compel the production of the mental health records of AB AK and AB CR "pursuant to Rule for Courts-Martial [(R.C.M.)] 906(b)(13), Military Rule of Evidence [(M.R.E.)] 513, the due process clause of the 5th Amendment to the United States Constitution, and the confrontation clause of the 6th Amendment to the United States Constitution." The basis for the motion to compel was that AB AK and AB CR had each admitted to the defense team that, because of his extensive drug use, he had memory issues and had a mental health diagnosis. *Chisum*, 75 M.J. at 946.

AB CR invoked the psychotherapist-patient privilege at a hearing on the defense motion for production of the records. Appellant's counsel argued that the basis for an in camera inspection of AB CR's records was the Sixth Amendment right to confront the witness. "[W]e think it would go toward bias of the witness and also we think that the records will contain information that he potentially talked about the allegations with mental health providers and he just like just made this up." He also alleged that the mental health records could contain "prior inconsistent statements that he has made about the allegations and we need to be able to potentially go through that with him on the witness stand. Potentially, there is evidence that goes towards bias, prejudice or his motive to misrepresent."

Based on the psychotherapist-patient privilege, M.R.E. 513, AB AK's counsel asked the military judge to deny Appellant's motion. In response to the military judge's question as to the basis for the defense request for access to AB AK's medical records, Appellant's counsel stated that AB AK

"may have mentioned to his providers that he fabricated the whole thing and made the whole thing up, similar to the proffer that [AB CR] gave in order to get a deal for his court-martial." Appellant argued that AB AK had admitted that he was upset because Appellant had slept with AB AK's girlfriend (now wife), and "potentially there is evidence in the records of bias, prejudice, or his motive to misrepresent, and allow us to impeach the witness properly." In another case in which AB AK had testified, a military judge had released his mental health records to the parties. The transcript of AB AK's testimony and cross-examination at that other court-martial was provided to Appellant's defense counsel.

The military judge denied the defense motion for in camera review and production of the medical records. The defense moved for reconsideration. After the military judge allowed the defense to present additional justification, he denied the motion.

### III. The Court of Criminal Appeals Opinion

The CCA disagreed with the military judge. After examining the mental health records itself, the CCA held that the military judge abused his discretion in not conducting an in camera inspection of the records of both witnesses. 75 M.J. at 948–49. The CCA concluded it was unnecessary to determine what if any information from those records should have been provided to the defense because any error was harmless beyond a reasonable doubt. *Id.* at 950.

### IV. Discussion

In order for Appellant to prevail, we would have to hold that the military judge abused his discretion by failing to order disclosure of the mental health records and that this abuse of discretion materially prejudiced his substantial rights. Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012). We are convinced that the military judge's ruling did not prejudice Appellant's substantial rights.

"A constitutional error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Mitchell v. Esparza,* 540 U.S. 12, 17–18 (2003) (internal quotation marks omitted) (citation omitted); *see United States v. Hills*, 75 M.J. 350,

357 (C.A.A.F. 2016). "To say that an error did not 'contribute' to the ensuing verdict is not, of course, to say that the jury was totally unaware of that feature of the trial later held to have been erroneous," but "rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *Yates v. Evatt,* 500 U.S. 391, 403 (1991), *overruled on other grounds by Estelle v. McGuire,* 502 U.S. 62, 72 n.4 (1991); *accord Hills*, 75 M.J. at 358.

Where an error constitutes a "constitutionally improper denial of a defendant's opportunity to impeach a witness for bias," our harmless beyond a reasonable doubt review includes weighing:

> the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

Appellant was charged with five offenses. It is obvious that the panel was unwilling to believe the uncorroborated testimony of AB AK, as they acquitted Appellant of every charge, except one use of cocaine, which was witnessed by both AB AK and AB CR. No information in AB AK's mental health records could have caused reasonable court members to "'receive a significantly different impression of the [witness]'s credibility.'" *United States v. Gaddis*, 70 M.J. 248, 256 (C.A.A.F. 2011) (alteration in original) (quoting *Van Arsdall*, 475 U.S. at 680). Indeed, appellate defense counsel conceded that any error regarding the production of AB AK's mental health records was harmless.

At the time of his testimony in Appellant's case, AB AK was serving confinement in the Naval Consolidated Brig at Charleston, South Carolina. He conceded that he made a deal with the Government that provided for a special court-martial and a sentence cap in exchange for his testimony against other military members. He was testifying under a grant of immunity.

In the past, AB AK had described himself as "a con artist." He admitted that he had abused drugs before he enlisted, entered the Air Force to get away from drugs and, to do so, lied on his recruitment documents. He testified that he helped law enforcement because it was the best way of keeping himself and his wife out of trouble. He admitted telling defense counsel the day before he testified: "Right now I'm all about me."

He admitted that he experienced memory problems due to his habitual drug use and that mental health care providers had diagnosed him as having bipolar disorder and having ADHD. He further revealed that he was upset that, during a split in their relationship, his girlfriend (now his wife) had slept with Appellant.

He had been told that others had been compensated for working with law enforcement, and he was enticed because of his financial difficulties due to his drug use. He admitted using cocaine and heroin, among other drugs, and continuing to use cocaine and heroin after his arrest and after his release from rehabilitation. He manufactured and distributed drugs. AB AK testified that he had failed two urinalyses for cocaine, and that he "had a pretty bad drug problem."

AB AK further admitted that he lied to many people, including to law enforcement agents after he started working for them as a confidential informant, and was having a difficult time with his memory. He acknowledged taking medication at the time of trial.

In addition, the information in the sealed records would have added little to the defense counsel's strong cross-examination of AB CR, who admitted that he was facing a special court-martial for using ecstasy but made a deal for a summary court in exchange for his testimony against Appellant; he felt pressured to do so, fearing the consequences for his family and wanting to preserve his access to mental healthcare and medication; in his proffer, he told the Government what they wanted to hear, and that he could have made it all up; he was inebriated at the time of Appellant's offense; and he had no clear memory of 2012, the time period in which the alleged drug use occurred. Following his de-

ployment in 2010, AB CR suffered from substantial memory loss and often struggled to differentiate reality from fantasy.

Having reviewed the sealed materials, we agree with the conclusion of the CCA that, under these circumstances, any error by the military judge in failing to inspect and order the disclosure of the mental health records of AB AK and AB CR was harmless beyond a reasonable doubt. Appellant was able to fully cross-examine the witnesses on their credibility and motive to misrepresent Appellant's conduct. There is no reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

## V. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.