# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist EVAN R. BROWN**
**United States Army, Appellant**

ARMY 20100022

Headquarters, Maneuver Support Center of Excellence
Charles D. Hayes Jr., Military Judge
Colonel Steven E. Walburn, Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael A. Cressler, Acting Staff Judge Advocate
(recommendation)
Colonel James R. Agar, II, Staff Judge Advocate (addendum)

For Appellant:  Mr. Timothy Mudd, Esquire (argued); Captain Jennifer A. Parker, JA; Mr. Timothy Mudd, Esquire (on brief); Captain E. Patrick Gilman, JA; Mr. Timothy Mudd, Esquire (on reply brief); Major Richard E. Gorini, JA.

For Appellee:  Captain Sasha N. Rutizer, JA (argued); Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Julie A. Glascott, JA (on brief); Major Robert A. Rodrigues, JA.

28 September 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of enlisted and officer members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of four specifications of indecent acts in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. II 2008) [hereinafter UCMJ].  The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for 181 days, forfeiture of all pay and allowances, and reduction to the grade of E-1.

The convening authority approved appellant's request for deferment of automatic and adjudged forfeitures until action. At action, the convening authority waived appellant's automatic forfeitures for a six-month period, with direction that they be paid to appellant's spouse. However, the convening authority failed to disapprove the adjudged forfeitures, thus leaving no pay and allowances to waive for the benefit of appellant's spouse. Therefore, in order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we set aside that portion of the sentence that included forfeiture of all pay and allowances.

On consideration of the entire record, the arguments of the parties, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find appellant's arguments to be without merit.[*] The findings of guilty are affirmed. The portion of the sentence that included forfeiture of all pay and allowances is hereby set aside. The remainder of the sentence is affirmed. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Additionally, we find the military judge did not impermissibly exclude constitutionally required evidence. *See United States v. Gaddis*, 70 M.J. 248 (C.A.A.F. 2011).