*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, DALY, and MIZER
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Salvador JACINTO**
Aviation Structural Mechanic First Class (E-6), U.S. Navy
Appellant

**No. 201800325**

Decided: 18 January 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Roger E. Mattioli (trial)
Ryan J. Sears (*DuBay* hearing)

Sentence adjudged 25 June 2018 by a general court-martial convened at the Washington Navy Yard, Washington, D.C., consisting of officer and enlisted members. Sentence approved by the convening authority: confinement for eight years and a bad-conduct discharge.

For Appellant:
*Major Jasper W. Casey, USMC*

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*
*Lieutenant Colonel James A. Burkart, USMC*

For Intervenor E.B.:
*Mr. Peter Coote, Esq.*

Senior Judge KISOR delivered the opinion of the Court, in which Judge DALY and Judge MIZER joined.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

KISOR, Senior Judge:

This case is again before us, with a lengthy and complicated appellate procedural history. A general court-martial convicted Appellant, contrary to his pleas, of rape of a child, sexual abuse of a child, and child endangerment by culpable negligence, in violation of Articles 120b and 134, Uniform Code of Military Justice [UCMJ].[1]

This Court initially affirmed the findings and sentence *in toto*.[2] However, the Court of Appeals for the Armed Forces [CAAF] affirmed this Court's decision only as to Specification 1 of Charge I (sexual assault of J.B.) and Specification 2 of Charge II (child endangerment of A.A.). The CAAF set aside our decision affirming the guilty findings as to Specifications 2, 3, 4, and 5 of Charge I (sexual assaults of E.B.) and Specification 1 of Charge II (child endangerment of E.B.), and also set aside the part of our decision affirming the sentence.[3] The CAAF remanded the case for further factual development on three inter-related issues regarding whether the military judge abused his discretion in (1) denying a Defense-requested continuance; (2) denying a Defense motion for an in camera review of the victim's mental health records; and (3) whether either denial resulted in prejudice. The CAAF left it up to this Court to either obtain certain missing record evidence and gather other evidence under our own authority, or to further remand for *DuBay* proceedings.[4]

In turn, this Court ordered a *DuBay* hearing, which was conducted on 16 and 17 March 2022.[5] The *DuBay* military judge made findings of fact on 1

———————————————

[1] 10 U.S.C. §§ 920b, 934 (2016).

[2] *United States v. Jacinto*, 79 M.J. 870 (N-M. Ct. Crim. App. 2020) (*Jacinto I*).

[3] *United States v. Jacinto*, 81 M.J. 350 (C.A.A.F. 2021) (*Jacinto II*).

[4] *Jacinto II*, 81 M.J. at 355; *see United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967).

[5] App. Ex. CXXX (Order to Remand for a Fact-Finding Hearing of 10 December 2021). A copy of App. Ex. CXXX is appended to this opinion for clarity and convenience.

June 2022, and the parties and Intervenor (the victim E.B.)[6] filed another round of briefing before this Court, which we now address.

Appellant re-raises two issues, and raises one new issue, which we re-order as follows:

> A. DID THE *DUBAY* MILITARY JUDGE ERR BY FAILING TO ANSWER THE QUESTIONS POSED BY THIS COURT'S RE-MAND ORDER?

> B. DID THE MILITARY JUDGE ABUSE HIS DISCRETION BY DENYING APPELLANT'S FIRST CONTINUANCE REQUEST AFTER THE GOVERNMENT DISCLOSED ONLY DAYS BE-FORE TRIAL THAT THE COMPLAINING WITNESS LIKELY SUFFERED FROM A PSYCHOTIC CONDITION?

> C. DID THE MILITARY JUDGE ABUSE HIS DISCRETION BY DENYING THE DEFENSE MOTION FOR IN CAMERA RE-VIEW OF THE COMPLAINING WITNESS'S PRESCRIPTION AND DIAGNOSIS RECORDS?

We conclude that the *DuBay* military judge appropriately made findings of fact within the general contours of this Court's Order. We further conclude that the trial military judge abused his discretion both in denying the continuance and in declining to review E.B.'s mental health records in camera. However, we also conclude that these errors did not materially prejudice Appellant because the full records from Calvert Memorial Hospital did not (and do not) contain information that was (or is) constitutionally required to be produced to the Defense. Accordingly, a continuance and in camera review of the full records would not have resulted in any of these records being provided to the Defense prior to trial. Therefore, we affirm the findings as to Specifications 2, 3, 4, and 5, of Charge I and Specification 1 of Charge II. We also re-affirm the sentence.

## II. BACKGROUND

The general background as to this case is well established in prior opinions of this Court and the CAAF and need not be repeated here.[7]

---

[6] On 13 December 2023, Intervenor filed a writ-appeal petition with the CAAF, and the CAAF stayed proceedings in this Court from 22 December 2022 to 26 January 2023 when the CAAF vacated its stay.

[7] *See generally Jacinto I*, 79 M.J. at 870; *Jacinto II*, 81 M.J. at 350.

Relevant to our current analysis is that in May 2017, E.B., a child then under 16 years of age, disclosed to her school counselor that Appellant had sexually assaulted her. The school counselor, a mandatory reporter under state law, contacted civilian police, who then contacted the Naval Criminal Investigative Service [NCIS]. Soon after making her allegation, E.B. was admitted to Calvert Memorial Hospital for several days.

In pretrial litigation, Appellant attempted to obtain medical records documenting E.B.'s week of inpatient treatment at Calvert Memorial Hospital. The military judge ordered the hospital to produce records of E.B.'s mental health diagnoses and related prescriptions. He found the remainder of the records requested by Appellant were privileged and that Appellant had not made a showing of vital necessity to require their production.

The week before trial began, Calvert Memorial Hospital complied with the military judge's order and produced records containing E.B.'s mental health diagnoses and related prescriptions. The records revealed that while at the hospital, E.B. was prescribed several medications, including Thorazine, which is a medication that can be prescribed for psychotic agitation.[8] The records also indicated that E.B. was diagnosed with "depression *without* psychotic features"[9] and that Thorazine was prescribed "*as needed.*"[10] At a pretrial Article 39(a) session to litigate a continuance motion and a motion for the military judge to conduct an in camera review of the hospital records, Appellant presented the testimony of a child psychologist who stated that Thorazine was a "known antipsychotic medication" used to assist patients who may be "stimulated internally by things that are not actually going on" or who could be "laboring under the burden of delusions."[11]

Critically, the military judge denied Appellant's motion for in camera review of E.B.'s mental health records and denied his motion for a continuance based on the timeline of the disclosure of the records. (The day before trial, the military judge denied Appellant's subsequent motion to reconsider his denial of the continuance). Lack of clarity in the record of trial with regard to what parts of E.B.'s mental health record the military judge considered in denying the Defense's requests, led the CAAF to conclude that "[b]ecause the record

---

[8] App. Ex. LXXIV, "Ruling Mil. R. Evid. 513 (Sealed)" at 2.

[9] App. Ex. CXXVI, "Government Bench Brief ICO Mil. R. Evid. 513 (Sealed)" at 10-12; R. at 329 (emphasis added).

[10] App. Ex. LXXIV at 2 (emphasis added); *Jacinto II*, 81 M.J. at 353-54.

[11] R. at 322, 325.

before us is unclear and incomplete, we cannot make an informed decision about whether the military judge's crucial findings are clearly erroneous."[12]

The CAAF remanded the case to this Court for fact-finding and analysis of: (1) the military judge's denial of a continuance; (2) his denial to conduct in camera review of the records; and (3) prejudice resulting from either denial.[13]

This Court then ordered a *DuBay* hearing, directing a military judge to make detailed findings of fact on the following questions, which are contained in paragraph five of the Court's Order:[14]

> A. What documents were produced from the hospital in response to the military judge's June 8, 2018, Order?
>
> B. Of the hospital records produced in response to the military judge's June 8, 2018, Order, which of those documents were reviewed by the Defense expert in forensic psychology for his testimony at an Article 39(a), UCMJ, session on June 14, 2018?
>
> C. Which hospital records were supposed to be contained in Appellate Exhibit LXXI?[15]
>
> D. Which hospital records are the missing pages from the 17 pages produced by the hospital?[16]
>
> E. Which documents were produced by the hospital in response to the military judge's June 14, 2018, Order?
>
> F. Which documents should have been produced in response to the military judge's June 14, 2018, Order?

Additionally, we ordered that,

---

[12] *Jacinto II*, 81 M.J. at 354.

[13] *Id.* at 355.

[14] App. Ex. CXXX.

[15] App. Ex. LXXI is an Order from the trial military judge to Calvert Memorial Hospital to produce (to the trial counsel) certain parts of E.B.'s mental health record containing the identity of treating psychotherapists, mental health diagnoses, and medications prescribed.

[16] The *DuBay* military judge found that the missing pages are now contained in pages 1-13 of App. Ex. CLIIX (contained in the *DuBay* portion of the record).

(1) the military judge shall conduct an in camera review of any records produced—or that should have been produced—by the hospital, issue appropriate protective orders, and place portions of the record under seal as required; and

(2) the military judge shall make additional findings of fact that are relevant to the two issues granted by CAAF: whether the military judge abused his discretion by denying Appellant's continuance request; and whether the military judge abused his discretion by denying the Defense motion to conduct an in camera review of E.B.'s mental health records.

(3) That the military judge may consider whatever testimony or evidence that is necessary to resolve the questions contained in our Order.[17]

The *DuBay* military judge identified the missing records and ordered that E.B.'s *entire* 212-page record from Calvert Memorial Hospital be produced for an in camera review.[18] The *DuBay* military judge made detailed findings of fact, contained in Appellate Exhibit CLXXXIX.[19]

## III. DISCUSSION

### A. The *DuBay* military judge complied with the remand Order.

We review a *DuBay* military judge's findings of fact under a clearly erroneous standard and conclusions of law *de novo*.[20]

As an initial matter we have no trouble concluding that the *DuBay* military judge answered the questions posed by this Court's Order, with one exception discussed below regarding which documents should have been produced in response to the military judge's 14 June 2018 Order.[21]

The *DuBay* military judge held a two-day hearing in which he took testimony and examined documents. He made detailed findings of fact responding

---

[17] App. Ex. CXXX at 4.

[18] App. Ex. CLXXXIX at 6.

[19] In the below discussion, references to Section II of the *DuBay* Findings of Fact track the lettering system of paragraph 5 of this Court's 10 December 2021 order (App. Ex. CXXX), restated above.

[20] *United States v. Cooper*, 80 M.J. 664, 672 (N-M. Ct. Crim. App. 2020).

[21] App. Ex. CLXXXIX at § II, pages 1-7; App. Ex. CXXX, at paragraph 5(F) (Order to Remand for a Fact-Finding Hearing of 10 December 2021).

to this Court's questions in the *DuBay* Order[22] (these findings were also required by the CAAF).[23] We hold that the findings of fact listed in sections II(A), II(B), II(C), II(D), II(E), and II(F)(1-4) of Appellate Exhibit CLXXXIX, answer this Court's questions as to which documents were produced, when, and to whom, and do not amount to clearly erroneous error.[24]

Appellant argues that the *DuBay* military judge abused his discretion when he refused to answer this Court's question (Question in Paragraph 5(F) of this Court's Order, Appellate Exhibit CXXX) as to which documents "should have been produced" in response to the military judge's 14 June 2018 Order.[25] In his findings of fact, the *DuBay* military judge found that answering that question would pierce E.B.'s psychotherapist-patient privilege under Mil. R. Evid. 513. Additionally, having reviewed the full Calvert Memorial Hospital records in camera, the *DuBay* military judge found that certain portions of the records were constitutionally required to be produced.[26] As a result of this conflict, the *DuBay* military judge found that the question of what documents "should have been produced" was "unresolved."[27]

We now observe that Question F in paragraph 5 of our Order may have been inartfully drafted, as it arguably calls for a conclusion of law–what documents "should have" been "produced." The military judge's 14 June 2018 Order did not explicitly order production of records, and clearly exempted privileged material.[28] The *DuBay* military judge reviewed the entirety of the records in camera, made findings of fact, as instructed, addressing the question adequately; however, based on E.B.'s assertion of privilege, he declined to make any conclusion of law as to what should have been produced. Regardless, we

---

[22] App. Ex. CXXX; App. Ex. CLXXXIX.

[23] *Jacinto II*, 81 M.J. at 355.

[24] App. Ex. CLXXXIX. The letters A-F in section II of the *DuBay* military judge's Findings of Fact correspond with letters A-F in this Court's Order (App. Ex. CXXX, *supra*). II(G) and II(H) correspond with two legal issues that the CAAF directed this Court reexamine: (1) whether the military judge abused his discretion by denying Appellant's continuance request; and (2) whether the military judge abused his discretion by denying the Defense motion to conduct an in camera review of E.B.'s mental health records.

[25] Appellant's Br. at 42.

[26] App. Ex. CLXXXIX at section II, paragraph (F)(3) and F(4).

[27] App. Ex. CLXXXIX at section II, paragraph (F)(5); *see* Appellant's Br. at 42.

[28] R. at 367.

would review any legal conclusion de novo. We find that the *DuBay* military judge adequately carried out the instructions in our Order.

## B. The military judge abused his discretion in denying the continuance, but there was no prejudice to Appellant.

### 1. Standard of review for denying a continuance

We review a military judge's decision to deny a continuance for an abuse of discretion.[29] An abuse of discretion occurs "where reasons or rulings of the military judge are clearly untenable and . . . deprive a party of a substantial right such as to amount to a denial of justice."[30] Included in the factors we consider are:

> [S]urprise, nature of the evidence involved, timeliness of the request, substitute testimony or evidence, availability of witness or evidence requested, length of continuance, prejudice to opponent, moving party received prior continuances, good faith of moving party, use of reasonable diligence by moving party, possible impact on verdict, and prior notice.[31]

### 2. The military judge abused his discretion in denying a continuance, but there was no prejudice to Appellant.

The *DuBay* military judge made detailed findings of fact regarding whether the military judge abused his discretion in denying the continuance request.[32] The *DuBay* military judge's findings listed in Section II(G)(1-4) and (6-10) are not clearly erroneous.[33]

We hold that the trial military judge abused his discretion in denying the motion for a continuance.[34] As the *DuBay* military judge found, trial defense counsel was surprised by the untimely appearance of potentially exculpatory evidence six days before trial. This and the other facts found by the *DuBay*

---

[29] *United States v. Weisbeck*, 50 M.J. 461, 464 (C.A.A.F. 1999).

[30] *Id.* (alteration in original) (internal quotation marks omitted) (quoting *United States v. Miller*, 47 M.J. 352, 358 (C.A.A.F. 1997)).

[31] *Id.* (quoting F. Gilligan and F. Lederer, *Court-Martial Procedure* § 18-32.00 at 704 (1991)).

[32] Sections (II)(G)(1-4 and 6-10) of Appellate Exhibit CLXXXIX

[33] The finding in Section II(G)(5) is a correct recitation of a legal standard, rather than a finding of fact.)

[34] *See Miller*, 47 M.J. at 359.

military judge in Appellate Exhibit CLXXXIX unquestionably militate toward the conclusion that the military judge abused his discretion in denying a reasonable continuance, which would have to allowed the Defense to litigate to resolve whether the late disclosure of the medical information was complete and/or accurate, and to determine whether it was privileged.

However, the *DuBay* military judge's findings articulated in Section II(G)(11) and (12) of Appellate Exhibit CLXXXIX relate to prejudice, which are conclusions of law, and warrant some discussion. Those findings are:

> (11) Whether the Appellant suffered prejudice requires review of both the medical records previously disclosed by the original Trial Court and the most recent document(s) identified by the *DuBay* Court as meeting the constitutional exception to M.R.E. 513.

> (12) E.B., however, has exercised her privilege regarding the most recent record[35] and permits only a partial review of this question leaving the answer inconclusive.

We agree with the statement made by the *DuBay* military judge that an analysis of prejudice requires review of the complete 212-page record from Calvert Memorial Hospital that is contained in Appellate Exhibit CLXXXVII. We have reviewed this entire unredacted document in camera and find that there is no information contained therein that would fall into the constitutionally required exception to Mil. R. Evid. 513 as explained by this Court in *Payton-O'Brien*.[36] From a review of the entire record it is clear that E.B. was never administered Thorazine. Nor do the hospital records indicate that she had any problem with perception or memory. And there is no indication in the Calvert Memorial Hospital records that she was fabricating any allegations.

Thus, we find that the *DuBay* military judge erred in finding that certain portions of the Calvert Memorial Hospital records were constitutionally required. Accordingly, we find that Appellant suffered no prejudice at trial as a result of the trial military judge's erroneous denial of the continuance, because,

---

[35] The "most recent record" refers to the entire 212-page Calvert Hospital record.

[36] *J.M. v. Payton-O'Brien*, 76 M.J. 782, 788 (N-M. Ct. Crim. App. 2017).

upon complete review of the Calvert Memorial Hospital records, there was nothing further that would have been required to be produced to the Defense.

**C. The military judge erred in denying Appellant's motion for an in camera review of E.B.'s diagnosis and prescription records, but there was no prejudice to Appellant.**

*1. Military Rule of Evidence 513(e)(3) allows for an in camera review.*

A party desiring to pierce the confidentiality of mental health treatment records must move a military judge to order production or, in the alternative, move the military judge to conduct an in camera review of the requested records. Before a military judge may even conduct an in camera review, the moving party must demonstrate by a preponderance of the evidence, all of the following under Mil. R. Evid. 513(e)(3):

(1) a "specific factual basis" demonstrating a "reasonable likelihood" the records would yield evidence admissible under an exception to the privilege;

(2) the requested information meets one of the several exceptions under Mil. R. Evid. 513(d);

(3) the information sought is not merely cumulative; and

(4) the requesting party made "reasonable efforts" to obtain similar information through non-privileged sources.

Relevant here, because "evidentiary rules must cede to the constitutional needs of an accused," a military judge may still determine that for purposes of conducting an in camera review, production of mental health records is warranted despite the lack of an enumerated exception under Mil R. Evid. 513(d), when such action is constitutionally required.[37] In making this assessment, the military judge must determine whether "*infringement of the privilege* is required to guarantee a meaningful opportunity to present a complete defense."[38]

---

[37] *J.M. v. Payton-O'Brien*, 76 M.J. 782, 788 (N-M. Ct. Crim. App. 2017) (citing *United States v. Gaddis*, 70 M.J. 248, 253 (C.A.A.F. 2011)).

[38] *Id*. at 789 (emphasis in original).

*2. The military judge erred in denying Appellant's motion for an in camera review of the diagnoses and prescription documents, but there was no prejudice.*

a. The military judge abused his discretion in denying the Defense motion to review the Calvert Memorial Hospital records in camera.

Having found that the military judge abused his discretion in denying a continuance, it follows that the military judge, at that point, should have held a hearing pursuant to Mil. R. Evid. 513, and reviewed, in camera, the complete record of E.B.'s diagnoses and prescriptions. The *DuBay* military judge found that certain "inconsistencies and discrepancies [in the conflicting then-discovered medical records and diagnoses] could have been resolved by a further *in camera* review of the full Calvert Hospital record for E.B. by the Trial Court."[39] This finding of fact by the *DuBay* military judge is not clearly erroneous, and, moreover, we agree. The military judge should have, after holding the proper closed hearing under Mil. R. Evid. 513(e)(2), examined the *entire* record in camera as authorized by *Payton-O'Brien*. Accordingly, we hold that the military judge abused his discretion by denying the Defense motion to conduct an in camera review of E.B.'s mental health records. We note that this could have saved several years of appellate litigation.

b. There was no prejudice to Appellant from this denial because the records do not contain constitutionally required information.

After reviewing the 212-page Calvert Memorial Hospital record in camera, the *DuBay* military judge also made a finding that certain pages of that record were subject to the constitutional exception of Mil. R. Evid 513, and further noted that E.B., through her victim's legal counsel, asserted a privilege and declined to permit release of those pages.[40]

However, the question of whether a mental health record is subject to the constitutional exception of Mil. R. Evid. 513 as explained in *Payton-O'Brien* is a legal conclusion that we review de novo. In *Payton-O'Brien* we stated that the Mil. R. Evid. 513 privilege does not prevail over the Constitution. Specifically, the privilege may be absolute outside the enumerated exceptions, but it

---

[39] App. Ex. CLXXXIX at 10, section (II)(H)(9).

[40] *Id*. at 6-7, section (II)(F)(3) and (4).

must not infringe upon the basic constitutional requirements of due process and confrontation.[41]

In light of our own full in camera review of the 212-page Calvert Memorial Hospital record we find that the *DuBay* military judge erred when he made a conclusion of law that certain pages of that document were constitutionally required. But, because we find the Calvert Memorial Hospital record does not contain any information that is (or was) constitutionally required to be disclosed to the Defense, there was, ultimately, no prejudice to Appellant from the trial military judge's declining to review the records in camera.

---

[41] *Payton-O'Brien*, 76 M.J. at 787; *see also United States v. Beauge*, 82 M.J. 157, 167 n. 10 (C.A.A.F. 2022). As the CAAF observed in *Beauge* the removal of the constitutional exception from the list of enumerated exceptions in Mil. R. Evid. 513(d) has created disagreement among the Courts of Criminal Appeals. The CAAF did not resolve that issue in *Beauge* as it was not needed to decide that case, but it did state,

> [t]he right to cross-examine a witness for impeachment purposes has constitutional underpinnings because of the right to confront witnesses under the Sixth Amendment and the due process right to present a complete defense. And, in *certain instances*, the psychotherapist-patient privilege seemingly trumps an accused's right to fully confront the accuracy and veracity of a witness who is accusing him or her of a criminal offense.

*Id.* at 167.

## IV. CONCLUSION

The Court of Appeals for the Armed Forces has already affirmed the findings as to Specification 1 of Charge I and Specification 2 of Charge II.

After careful consideration of the *DuBay* record and the post-*DuBay* briefs of appellate counsel and Intervenor, the findings as to Specifications 2, 3, 4, and 5 of Charge I (sexual assaults of E.B.) and Specification 1 of Charge II (child endangerment of E.B.), and the sentence are again **AFFIRMED**.[42]

Judge DALY and Judge MIZER concur.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[42] *Jacinto II*, 81 M.J. at 355.